UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X   12-CV-2535 (WFK) (MDG)

**JUNIOR WALKER** and **TAHERA BULLEN-WALKER**, on behalf of themselves and on behalf of their infant children **T.W.** and **N.W.**,

                 Plaintiffs,

**AMENDED COMPLAINT**

**THE CITY OF NEW YORK, STACEY ROBINSON,** Caseworker, New York City Administration of Children's Services, **GLADYS WHITE,** Supervisor, New York City Administration of Children's Services, **JACQUELINE MCKNIGHT**, Assistant Commissioner-Brooklyn, New York City Administration of Children's Services, **SHARON ROGERS,** Deputy Director for Brooklyn Field Office, Zone E, New York City Administration of Children's Services, **BURTON LEWIS,** Supervisor, New York City Administration of Children's Services, **KAREN SAWYER-BARRO,** Supervisor, New York City Administration of Children's Services, and **NATARSKY LOUISSAINT,** Caseworker, New York City Administration of Children's Services,

**DEMAND FOR JURY TRIAL**

                 Defendants.

----------------------------------------------------------------X

Plaintiffs JUNIOR WALKER and TAHERA BULLEN-WALKER, on behalf of themselves and on behalf of their infant children T.W. and N.W., by their attorney, Kathy A. Polias, Attorney-at-Law, complaining of the Defendants THE CITY OF NEW YORK, STACEY ROBINSON, a Caseworker for New York City Administration for Children's Services (hereinafter also "ACS"), GLADYS WHITE, a Supervisor for ACS, JACQUELINE MCKNIGHT, Assistant Commissioner-Brooklyn for ACS, SHARON ROGERS, Deputy Director, Brooklyn Field Office-Zone E for ACS, BURTON LEWIS, Supervisor for ACS, KAREN SAWYER-BARRO, Supervisor for ACS, and NATARSKY LOUISSAINT, Caseworker for ACS, upon information and belief, alleges as follows:

1

## NATURE OF ACTION

1.      This action is brought by Plaintiffs to remedy:  Defendants' violation of 42 U.S.C. Sec. 1983 by violating Plaintiff's First, Fourth, Ninth, Thirteenth, and Fourteenth Amendment rights, and conspiring to violate same, while acting under color of State Law; and Defendants' violation of common law by perpetrating malicious prosecution malicious abuse of process, intentional infliction of emotional distress, and negligent infliction of emotional distress, and conspiring to perpetrate same.

## JURISDICTION AND VENUE

2.      Jurisdiction is specifically conferred upon this Court by 42 U.S.C. Section 1983.  This Court has pendent and supplemental jurisdiction over the common law claims, as the facts that form the basis of the common law claims are identical to the facts that form the basis of the federal claims.

3.      Venue is proper because the events and actions that form the basis of the Complaint occurred in Brooklyn, New York, which is within the Eastern District of New York.

## PARTIES

4.      Plaintiffs Junior Walker and Tahera Bullen-Walker, acting on behalf of themselves and on behalf of their infant children T.W. and N.W., are residents of the State of New York and are within the jurisdiction of this Court.

5.      At all times relevant and material to this Complaint, Defendant City of New York was a municipal corporation organized under the laws of the State of New York.  At all times relevant and material to this Complaint, the New York City Administration for Children's Services (hereinafter also "ACS") was a

department/division of the City of New York.

6.     At all times relevant and material to this Complaint, Defendant Stacey Robinson was employed by Defendant City of New York as a Caseworker with the New York City Administration for Children's Services. At all times relevant and material to this Complaint, Defendant Stacey Robinson was acting as an agent of the City of New York under the common law principal-agent/*respondeat superior* theory.

7.     At all times relevant and material to this Complaint, Defendant Gladys White was employed by Defendant City of New York as a Supervisor with the New York City Administration for Children's Services. At all times relevant and material to this Complaint, Defendant Gladys White was acting as an agent of the City of New York under the common law principal-agent/*respondeat superior* theory.

8.     At all times relevant and material to this Complaint, Defendant Jacqueline McKnight was employed by Defendant City of New York as Assistant Commissioner for Brooklyn with the New York City Administration for Children's Services. At all times relevant and material to this Complaint, Defendant Jacqueline McKnight was acting as an agent of the City of New York under the common law principal-agent/*respondeat superior* theory.

9.     At all times relevant and material to this Complaint, Defendant Sharon Rogers was Deputy Director for the Brooklyn Field Office – Zone E with the New York City Administration for Children's Services. At all times relevant and material to this Complaint, Defendant Sharon Rogers was acting as an agent of the City of New York under the common law principal-agent/*respondeat superior* theory.

10.     At all times relevant and material to this Complaint, Defendant Burton

Lewis was employed by Defendant City of New York as a Supervisor with the New York City Administration for Children's Services. At all times relevant and material to this Complaint, Defendant Burton Lewis was acting as an agent of the City of New York under the common law principal-agent/*respondeat superior* theory.

11. At all times relevant and material to this Complaint, Defendant Karen Sawyer-Barro was employed by Defendant City of New York as a Supervisor with the New York City Administration for Children's Services. At all times relevant and material to this Complaint, Defendant Karen Sawyer-Barro was acting as an agent of the City of New York under the common law principal-agent/*respondeat superior* theory.

12. At all times relevant and material to this Complaint, Defendant Natarsky Louissaint was employed by Defendant City of New York as a Caseworker with the New York City Administration for Children's Services. At all times relevant and material to this Complaint, Defendant Natarsky Louissaint was acting as an agent of the City of New York under the common law principal-agent/*respondeat superior* theory.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

13. Plaintiffs Junior Walker and Tahera Bullen-Walker filed a Notice of Claim with the City of New York within 90 days of the accrual of their common law claims. The claims were assigned Claim Numbers 2011PI022830 and 2011PI023310, respectively.

## FACTUAL ALLEGATIONS

14. In March and April 2009, the Administration for Children's Services of Defendant City of New York conducted an investigation in response to a report that was allegedly made to the New York State Central Registry by the guidance counselor of

T.W.'s school of suspected child maltreatment by T.W.'s aunt/babysitter. The guidance counselor allegedly made the report after allegedly noticing two little scratches on T.W.'s cheek. The aunt/babysitter lived in the Plaintiffs' home with Plaintiff Junior Walker, T.W., and N.W. Plaintiff Tahera Bullen-Walker was in the U.S. military at the time and stationed in Germany. Defendant Stacey Robinson was the primary caseworker conducting the investigation. Defendant Natarsky Louissaint also participated in the investigation. Defendants Gladys White, Burton Lewis, and Karen Sawyer-Barro were supervisors overseeing the investigation.

14.    On April 30, 2009, Defendant Stacey Robinson – with upon information and belief, the authorization, consent, and knowledge of Defendants Assistant Commissioner Jacqueline McKnight, Deputy Director Sharon Rogers, Supervisor Gladys White, Supervisor Burton Lewis, and Supervisor Karen Sawyer-Barro -- commenced a neglect proceeding against the aunt/babysitter, as well as against Plaintiff Junior Walker, in Kings County Family Court pursuant to Article 10 of the Family Court Act, alleging excessive corporal punishment by both against T.W. and N.W. and requesting a removal of the children from Plaintiff Junior Walker's care. Defendant Stacey Robinson – Defendants Assistant Commissioner Jacqueline McKnight, Deputy Director Sharon Rogers, Supervisor Gladys White, Supervisor Burton Lewis, and Supervisor Karen Sawyer-Barro -- made statements in the petition that conflicted with and contradicted the Investigation Progress Notes taken during the investigation by Defendants Stacey Robinson and others. Defendants commenced this neglect proceeding and made these allegations against Plaintiff Junior Walker without any legal or reasonable basis or justification and without probable cause. As explained further below, Defendants

maliciously prosecuted Plaintiff Junior Walker and maliciously abused legal process, at least in part to retaliate against Plaintiff Junior Walker for his exercise of his First Amendment freedom of speech. Plaintiff Junior Walker had made protests regarding their investigation.

15.    The fact that Defendants commenced and continued a neglect proceeding against Plaintiff Junior Walker without any legal or reasonable basis or justification and without probable cause is underscored by the following:

(a)    Defendant Stacey Robinson and another Caseworker reported in the notes that they apparently took contemporaneously with their investigation that they found no marks, lacerations, bruises, or injuries on N.W. With regard to T.W., Defendant Stacey Robinson reported that T.W. did not present any marks on his body that were evidence of beatings and the other Caseworker reported that she did not observe any marks, bruises, or injuries on T.W. other than the two scratches on his cheek caused by his aunt/babysitter. Despite these findings in the investigation, Defendants fraudulently represented the marks on T.W.'s body as evidence of abuse in the neglect petition to the Kings County Family Court.

(b)    Defendant Stacey Robinson reported in her investigatory notes that T.W.'s speech teacher, his remedial studies teacher, his homeroom teacher, and his guidance counselor all stated that they had not seen any signs of abuse or neglect of T.W., that they had never been concerned about T.W.'s safety, and that he had always come to school well-dressed and well-groomed.

(c)     Defendant Stacey Robinson noted in her investigatory notes that Plaintiff

Junior Walker had no criminal record and that there existed no domestic

incident reports with regard to Plaintiff Junior Walker.

(d)     Defendants did not determine that T.W. and N.W. were at imminent risk

of danger in the home.

(e)     Defendant Stacey Robinson claimed in her notes that T.W. made

statements to her alleging that Plaintiff Junior Walker had inflicted

corporal punishment on him and his brother N.W.  However, Defendant

Robinson noted that she did not observe any bruises or marks on N.W. and

that the marks that T.W. presented on his own body were not evidence of

beatings.  Furthermore, she indicated that T.W. claimed that the marks he

presented on his own body were caused by his aunt, not his father.

Defendant Robinson claimed in her notes that during the investigation,

T.W. made identical or similar allegations of corporal punishment by

Plaintiff Tahera Bullen-Walker and his aunt's brother, and yet, Defendants

did not file a petition against them, as they did against Plaintiff Junior

Walker.  This discrepancy shows that Defendants initiated and continued

the proceedings against Plaintiff Junior Walker for a reason other than a

belief that the children were in danger or being abused.  Defendants

repeatedly noted in their investigatory notes that Plaintiff Junior Walker

was protesting ACS' investigation. Defendants retaliated against Plaintiff

Junior Walker for exercising his First Amendment rights by, among other

things, maliciously prosecuting him and maliciously abusing legal process.

Defendants ignored and disregarded a multitude of exculpatory evidence.

16.     Upon the filing of the neglect petitions on April 30, 2009 in the Kings County Family Court, Judge Bryanne Hamill conducted a Family Court Act Section (FCA) 1027 hearing.  The Court granted the request for a temporary removal and a remand.  The Court scheduled a permanency hearing for December 2009.  Neither Plaintiff Junior Walker nor the aunt was present at the 1027 hearing on April 30, 2009. Plaintiff Junior Walker was not present at the 1027 hearing on April 30, 2009 because he did not receive the notice of the hearing until after the hearing was over.  Defendants mailed him the notice of the hearing, aware that he probably would not receive it in time, and thereby denied him procedural due process in addition to substantive due process.

17.     T.W. and N.W. were removed from Plaintiff Junior Walker's care on April 30, 2009 and placed in foster care with a kinship resource.  Defendants Stacey Robinson and Natarsky Louissaint were the caseworkers to physically remove the children and they did so under the auspices of a Court order that they knew was procured by fraud, fabrication, and falsification.  The fact that the Defendants procured this Court order by fraud, fabrication, and falsification constituted another denial to Plaintiffs of procedural due process.

18.     On June 8, 2009, the kinship foster parent requested that the children be removed from her home.  Defendants moved to vacate the restrictive remand and to place the children in a different foster home.  That motion was granted and the children were subsequently placed in another foster home where N.W. sustained injuries to his face and head.

19.     Shortly after the commencement of the 1027 proceeding, Plaintiff Tahera

Bullen-Walker filed petitions seeking custody of the children. At the time, she was still in the military and still stationed in Germany. On October 6, 2009, after she returned to the United States, the children were temporarily released to her and on the consent of the parties to the proceeding, she was granted a temporary order of custody. Defendants' consent to Plaintiff Bullen-Walker having custody showed that they did not hold the allegations of corporal punishment that they had claimed were made by T.W. (which included allegations against Plaintiff Bullen-Walker) to be true and that they were maliciously prosecuting and conducting proceedings against Plaintiff Junior Walker for another reason. Plaintiff Tahera Bullen-Walker petitioned to take the children to Germany where she was stationed on a U.S. military base and Defendants vehemently opposed the request. She had to leave her post in Germany and was reassigned to a base in New York City. Plaintiff Junior Walker was relegated to supervised visitations with his children.

20. On January 12, 2010, Defendants withdrew the petition against the aunt/babysitter before fact-finding but maliciously decided to continue the petition against Plaintiff Junior Walker. Furthermore, on April 12, 2010, the New York State Central Registry "unfounded" the allegations against Plaintiff Junior Walker after conducting an administrative review at his request. Defendants maliciously continued the petition against Plaintiff Junior Walker despite the "unfounded" report of the New York State Central Registry. Defendants had no corroborating medical evidence, photographs, or admissions to support allegations of abuse by Plaintiff Junior Walker at any time. Furthermore, there was no criminal prosecution initiated against Plaintiff Junior Walker. Defendants refused to stop the prosecution of Plaintiff.

21.     On February 15, 2010, September 29, 2010, and May 17, 2011, the parties
to the Family Court proceeding appeared for fact-finding and dispositional hearings.
Defendant Stacey Robinson made false and misleading statements during her testimony.
In addition, in December 2010, Defendants maliciously filed an application for an Order
to Show Cause why an order should not be entered pursuant to 1037 of the Family Court
Act issuing a warrant for Plaintiff Junior Walker to produce the subject children N.W.
and T.W.  Defendants filed this application when they were well aware that Plaintiff
Junior Walker did not have the children.

22.     On June 13, 2011, the Kings County Family Court issued an Order and
Decision dismissing the petition even before the fact-finding hearings were concluded.
The Kings County Family Court found that sufficient facts had not been established to
sustain the petition.  However, by the time the petition was dismissed, Defendants'
unlawful actions had caused tremendous harm to Plaintiffs.  Plaintiff Junior Walker was
not allowed to live with and raise his children for more than two years and was allowed
only supervised visits with his children.  Plaintiff Tahera Bullen-Walker, T.W., and N.W.
were deprived of Plaintiff Junior Walker's participation in their lives and their right to
familial integrity and to be together as a family.  Plaintiffs have suffered tremendous
emotional, mental, physical, and psychological pain and suffering as a result of
Defendants' actions.  Plaintiff Tahera Bullen-Walker was forced to delist from the U.S.
military because the military wanted to reassign her outside of New York City.  She
delisted in early 2011 and has been unemployed since.  She has lost income as well as
benefits.  She also incurred transportation expenses, as she had to go back and forth
between Germany and the United States several times in 2009 due to the Court

proceedings.  In addition, Plaintiff Junior Walker missed many days from work due to Court appearances and ultimately lost his job.  The employment he has had since losing his job has been at a lower rate of pay.  He was also forced to spend many thousands of dollars on his legal defense, on rent because he had to live apart from his family, and on transportation to and from Court and to and from visits with his children.  Furthermore, T.W. missed many days of school as a result of Defendants' actions.

<u>**AS FOR A FIRST CAUSE OF ACTION**</u>

23.      Plaintiffs repeat and re-allege paragraphs 1 through 22 as if each paragraph is repeated verbatim.

24.      Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, violated Plaintiff Junior Walker's right under the Ninth, Thirteenth, and Fourteenth Amendments to the care, custody, and management of his children by maliciously initiating and prosecuting abuse/neglect proceedings against him and seeking the removal and the separation of the children from him without due process, without probable cause, and without reasonable basis or justification.

25.      By violating Plaintiff Junior Walker's rights under the Ninth, Thirteenth, and Fourteenth Amendments while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

<u>**AND AS FOR A SECOND CAUSE OF ACTION**</u>

26.      Plaintiffs repeat and re-allege paragraphs 1 through 25 as if each paragraph is repeated verbatim.

27.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, conspired with one another to violate Plaintiff Junior Walker's rights under the Ninth, Thirteenth, and Fourteenth Amendments to the care, custody, and management of his children by maliciously conspiring to initiate and prosecute abuse/neglect proceedings against him and to seek the removal and the separation of the children from him without due process, without probable cause, and without reasonable basis or justification.

28.     By conspiring to violate Plaintiff Junior Walker's rights under the Ninth, Thirteenth, and Fourteenth Amendments while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A THIRD CAUSE OF ACTION

29.     Plaintiffs repeat and re-allege paragraphs 1 through 28 as if each paragraph is repeated verbatim.

30.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, violated Plaintiffs' rights under the Ninth, Thirteenth, and Fourteenth Amendments to family integrity and to be together by maliciously initiating and prosecuting abuse/neglect proceedings against Plaintiff Junior Walker and seeking the removal and the separation of the children from him without due process, without probable cause, and without reasonable basis or justification.

31.     By violating Plaintiffs' rights under the Ninth, Thirteenth, and Fourteenth Amendments while acting under color of State Law, Defendants Stacey Robinson,

Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A FOURTH CAUSE OF ACTION

32.     Plaintiffs repeat and re-allege paragraphs 1 through 31 as if each paragraph is repeated verbatim.

33.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, conspired with one another to violate Plaintiffs' rights under the Ninth, Thirteenth, and Fourteenth Amendments to family integrity and to be together by maliciously conspiring to initiate and prosecute abuse/neglect proceedings against Plaintiff Junior Walker and to seek the removal and the separation of the children from him without due process, without probable cause, and without reasonable basis or justification.

34.     By conspiring to violate Plaintiffs' rights under the Ninth, Thirteenth, and Fourteenth Amendments while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A FIFTH CAUSE OF ACTION

35.     Plaintiffs repeat and re-allege paragraphs 1 through 34 as if each paragraph is verbatim herein.

36.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, Karen Sawyer-Barro, and Natarsky Louissaint, while acting under color of State Law, violated the rights of T.W. and N.W. (on behalf of whom Junior Walker and Tahera Bullen-Walker appear in this action ) under the Fourth and Fourteenth

Amendments to the U.S. Constitution by unreasonably seizing them from their father, Plaintiff Junior Walker, without due process, without probable cause, and without reasonable basis or justification.

37.     By violating T.W.'s and N.W.'s rights under the Fourth and Fourteenth Amendments to the U.S. Constitution while acting under color of State Law, Defendants Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, Karen Sawyer-Barro, and Natarsky Louissaint violated 42 U.S.C. Sec. 1983.

## AND AS FOR A SIXTH CAUSE OF ACTION

38.     Plaintiffs repeat and re-allege paragraphs 1 through 37 as if each paragraph is verbatim herein.

39.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, Karen Sawyer-Barro, and Natarsky Louissaint, while acting under color of State Law, conspired with one another to violate the rights of T.W. and N.W. (on behalf of whom Junior Walker and Tahera Bullen-Walker appear in this action) under the Fourth and Fourteenth Amendments to the U.S. Constitution by conspiring to unreasonably seize them from their father, Plaintiff Junior Walker, without due process, without probable cause, and without reasonable basis or justification.

40.     By conspiring to violate T.W.'s and N.W.'s rights under the Fourth and Fourteenth Amendments to the U.S. Constitution while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, Karen Sawyer-Barro, and Natarsky Louissaint violated 42 U.S.C. Sec. 1983.

## AND AS FOR A SEVENTH CAUSE OF ACTION

41.     Plaintiffs repeat and re-allege paragraphs 1 through 40 as if each paragraph is verbatim herein.

42.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, violated the rights of Plaintiff Junior Walker under the Fourth and Fourteenth Amendments to the U.S. Constitution by maliciously prosecuting him on charges of child abuse and neglect without due process, without probable cause, and without reasonable basis or justification.  Defendants' abuse/neglect petition against Plaintiff Junior Walker was dismissed and the FCA 1027 proceeding was terminated in his favor in June 2011.

42.     By violating Plaintiff Junior Walker's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR AN EIGHTH CAUSE OF ACTION

43.     Plaintiffs repeat and re-allege paragraphs 1 through 42 as if each paragraph is verbatim herein.

44.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, conspired to violate the rights of Plaintiff Junior Walker under the Fourth and Fourteenth Amendments to the U.S. Constitution by maliciously conspiring to prosecute him on charges of child abuse and neglect without due process, without probable cause, and without reasonable basis or justification.  Defendants' abuse/neglect petition against

Plaintiff Junior Walker was dismissed and the FCA 1027 proceeding was terminated in his favor in June 2011.

45.     By conspiring to violate Plaintiff Junior Walker's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A NINTH CAUSE OF ACTION

46.     Plaintiffs repeat and re-allege paragraphs 1 through 45 as if each paragraph is verbatim herein.

47.     In violation of common law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting as agents of Defendant City of New York, maliciously prosecuted Plaintiff Junior Walker on charges of child abuse and neglect without due process, without probable cause, and without reasonable basis or justification.  Defendants' abuse/neglect petition against Plaintiff Junior Walker was dismissed and the FCA 1027 proceeding was terminated in Junior Walker's favor in June 2011.

## AND AS FOR A TENTH CAUSE OF ACTION

48.     Plaintiffs repeat and re-allege paragraphs 1 through 47 as if each paragraph is verbatim herein.

49.     In violation of common law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting as agents of Defendant City of New York, maliciously conspired to prosecute Plaintiff Junior Walker on charges of child abuse and neglect without due process,

without probable cause, and without reasonable basis or justification. Defendants' abuse/neglect petition against Plaintiff Junior Walker was dismissed and the FCA 1027 proceeding was terminated in Junior Walker's favor in June 2011.

## AND AS FOR AN ELEVENTH CAUSE OF ACTION

50.    Plaintiffs repeat and re-allege paragraphs 1 through 49 as if each paragraph is repeated verbatim herein.

51.    Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, violated Plaintiff Junior Walker's rights under the First and Fourteenth Amendments to the U.S. Constitution by initiating and prosecuting an abuse/neglect petition against him and seeking the removal and the separation of his children from him in retaliation for his exercise of his freedom of speech.

52.    By violating Plaintiff Junior Walker's rights while acting under color of State Law, Defendants  Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A TWELFTH CAUSE OF ACTION

53.    Plaintiffs repeat and re-allege paragraphs 1 through 52 as if each paragraph is repeated verbatim herein.

54.    Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, conspired with one another to violate Plaintiff Junior Walker's rights under the First and Fourteenth Amendments to the U.S. Constitution by conspiring to initiate and prosecute an abuse/neglect petition against him and to seeking the removal and the separation of his

children from him in retaliation for his exercise of his freedom of speech.

55.     By conspiring to violate Plaintiff Junior Walker's rights while acting under color of State Law, Defendants  Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A THIRTEENTH CAUSE OF ACTION

56.     Plaintiffs repeat and re-allege paragraphs 1 through 55 as if each paragraph is verbatim herein.

57.     In violation of common law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Burton Lewis, and Karen Sawyer-Barro, while acting as agents of the Defendant City of New York, maliciously abused the legal process by initiating and prosecuting an abuse/neglect petition against Plaintiff Junior Walker for the illegitimate end of harassing and retaliating against Plaintiff Junior Walker for his protests.

## AND AS FOR A FOURTEENTH CAUSE OF ACTION

58.     Plaintiffs repeat and re-allege paragraphs 1 through 57 as if each paragraph is verbatim herein.

59.     In violation of common law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting as agents of the Defendant City of New York, maliciously conspired to abuse the legal process by conspiring to initiate and prosecute an abuse/neglect petition against Plaintiff Junior Walker for the illegitimate end of harassing and retaliating against Plaintiff Junior Walker for his protests

## AND AS FOR A FIFTEENTH CAUSE OF ACTION

60.     Plaintiffs repeat and re-allege paragraphs 1 through 59 as if each paragraph is repeated verbatim.

61.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, violated Plaintiff Junior Walker's rights under the Ninth, Thirteenth, and Fourteenth Amendments to the care, custody, and management of his children by maliciously continuing the abuse/neglect proceedings against Plaintiff Junior Walker and maliciously continuing to seek the separation of his children from him, without due process, probable cause, or reasonable basis or justification, even after withdrawing their petition against the aunt in January 2010.

62.     By violating Plaintiff Junior Walker's rights under the Ninth, Thirteenth, and Fourteenth Amendments while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

### AND AS FOR A SIXTEENTH CAUSE OF ACTION

63.     Plaintiffs repeat and re-allege paragraphs 1 through 62 as if each paragraph is repeated verbatim.

64.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, conspired with one another to violate Plaintiff Junior Walker's rights under the Ninth, Thirteenth, and Fourteenth Amendments to the care, custody, and management of his children by maliciously conspiring to continue the abuse/neglect proceedings against Plaintiff Junior Walker and to continue to seek the separation of his children from him,

without due process, probable cause, or reasonable basis or justification, even after

withdrawing their petition against the aunt in January 2010.

65.     By conspiring to violate Plaintiff Junior Walker's rights under the Ninth,

Thirteenth, and Fourteenth Amendments while acting under color of State Law,

Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers,

Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

### AND AS FOR A SEVENTEENTH CAUSE OF ACTION

66.     Plaintiffs repeat and re-allege paragraphs 1 through 65 as if each

paragraph is repeated verbatim.

67.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon

Rogers Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law,

violated Plaintiffs' rights under the Ninth, Thirteenth, and Fourteenth Amendments to

family integrity and to be together by maliciously continuing the abuse/neglect

proceedings against Plaintiff Junior Walker and maliciously continuing to seek the

separation of his children from him, without due process, probable cause, or reasonable

basis or justification, even after withdrawing the petition against the aunt in January

2010.

68.     By violating Plaintiff's rights under the Ninth, Thirteenth, and Fourteenth

Amendments while acting under color of State Law, Defendants Stacey Robinson,

Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-

Barro violated 42 U.S.C. Sec. 1983.

### AND AS FOR AN EIGHTEENTH CAUSE OF ACTION

69.     Plaintiffs repeat and re-allege paragraphs 1 through 68 as if each

paragraph is repeated verbatim.

70. Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, conspired with one another to violate Plaintiffs' rights under the Ninth, Thirteenth, and Fourteenth Amendments to family integrity and to be together by maliciously conspiring to continue the abuse/neglect proceedings against Plaintiff Junior Walker and to continue to seek the separation of his children from him, without due process, probable cause, or reasonable basis or justification, even after withdrawing the petition against the aunt in January 2010.

71. By conspiring to violate Plaintiffs' rights under the Ninth, Thirteenth, and Fourteenth Amendments while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

**<u>AND AS FOR A NINETEENTH CAUSE OF ACTION</u>**

72. Plaintiffs repeat and re-allege paragraphs 1 through 17 as if each paragraph is repeated verbatim herein.

73. Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, violated Plaintiff Junior Walker's rights under the First and Fourteenth Amendments to the U.S. Constitution by continuing to prosecute an abuse/neglect proceeding against Plaintiff Junior Walker and continuing to seek the separation of his children from him in retaliation for his exercise of his freedom of speech, even after dismissing the petition against the aunt in January 2010.

74.     By violating Plaintiff Junior Walker's rights while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A TWENTIETH CAUSE OF ACTION

75.     Plaintiffs repeat and re-allege paragraphs 1 through 74 as if each paragraph is repeated verbatim herein.

76.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, conspired with one another to violate Plaintiff Junior Walker's rights under the First and Fourteenth Amendments to the U.S. Constitution by maliciously conspiring to continue to prosecute an abuse/neglect proceeding against Plaintiff Junior Walker and to continue to seek the separation of his children from him in retaliation for his exercise of his freedom of speech, even after dismissing the petition against the aunt in January 2010.

77.     By conspiring to violate Plaintiff Junior Walker's rights while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A TWENTY-FIRST CAUSE OF ACTION

78.     Plaintiffs repeat and re-allege paragraphs 1 through 77 as if each paragraph is verbatim herein.

79.     In violation of common law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting as agents of Defendant City of New York, continued to maliciously abuse the legal

process for the illegitimate end of harassing and retaliating against Plaintiff Junior Walker for his protests, even after dismissing the petition against the aunt in January 2010.

### AND AS FOR A TWENTY-SECOND CAUSE OF ACTION

80.     Plaintiffs repeat and re-allege paragraphs 1 through 79 as if each paragraph is verbatim herein.

81.     In violation of common law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting as agents of Defendant City of New York, conspired with one another to continue to maliciously abuse the legal process for the illegitimate end of harassing and retaliating against Plaintiff Junior Walker for his protests, even after dismissing the petition against the aunt in January 2010.

### AND AS FOR A TWENTY-THIRD CAUSE OF ACTION

82.     Plaintiffs repeat and re-allege paragraphs 1 through 81 as if each paragraph is repeated verbatim.

83.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, violated Plaintiff Junior Walker's rights under the Ninth, Thirteenth, and Fourteenth Amendments to the care, custody, and management of his children by maliciously continuing the abuse/neglect proceedings against Plaintiff Junior Walker and maliciously continuing to seek the separation of his children from him, without due process, probable cause, or reasonable basis or justification, even after the New York State Central Registry "unfounded" the allegations against him in April 2010.

84.     By violating Plaintiff Junior Walker's rights under the Ninth, Thirteenth, and Fourteenth Amendments while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A TWENTY-FOURTH CAUSE OF ACTION

85.     Plaintiffs repeat and re-allege paragraphs 1 through 84 as if each paragraph is repeated verbatim.

86.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, conspired with one another to violate Plaintiff Junior Walker's rights under the Ninth, Thirteenth, and Fourteenth Amendments to the care, custody, and management of his children by maliciously conspiring to continue the abuse/neglect proceedings against Plaintiff Junior Walker and to continue to seek the separation of his children from him, without due process, probable cause, or reasonable basis or justification, even after the New York State Central Registry "unfounded" the allegations against him in April 2010.

87.     By conspiring to violate Plaintiff Junior Walker's rights under the Ninth, Thirteenth, and Fourteenth Amendments while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A TWENTY-FIFTH CAUSE OF ACTION

88.     Plaintiffs repeat and re-allege paragraphs 1 through 87 as if each paragraph is repeated verbatim.

89.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon

Rogers Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law,

violated Plaintiffs' rights under the Ninth, Thirteenth, and Fourteenth Amendments to

family integrity and to be together by maliciously continuing the abuse/neglect

proceedings against Plaintiff Junior Walker and maliciously continuing to seek the

separation of his children from him, without due process, probable cause, or reasonable

basis or justification, even after the New York State Central Registry "unfounded" the

allegations against him in April 2010.

90.     By violating Plaintiff's rights under the Ninth, Thirteenth, and Fourteenth

Amendments while acting under color of State Law, Defendants Stacey Robinson,

Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-

Barro violated 42 U.S.C. Sec. 1983.

## AND AS FOR A TWENTY-SIXTH CAUSE OF ACTION

91.     Plaintiffs repeat and re-allege paragraphs 1 through 90 as if each

paragraph is repeated verbatim.

92.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon

Rogers Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law,

conspired with one another to violate Plaintiffs' rights under the Ninth, Thirteenth, and

Fourteenth Amendments to family integrity and to be together by maliciously conspiring

to continue the abuse/neglect proceedings against Plaintiff Junior Walker and to continue

to seek the separation of his children from him, without due process, probable cause, or

reasonable basis or justification, even after the New York State Central Registry

"unfounded" the allegations against him in April 2010.

93.     By conspiring to violate Plaintiffs' rights under the Ninth, Thirteenth, and

Fourteenth Amendments while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

**AND AS FOR A TWENTY-SEVENTH CAUSE OF ACTION**

94.     Plaintiffs repeat and re-allege paragraphs 1 through 93 as if each paragraph is repeated verbatim herein.

95.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, violated Plaintiff Junior Walker's rights under the First and Fourteenth Amendments to the U.S. Constitution by continuing to prosecute an abuse/neglect proceeding against Plaintiff Junior Walker and continuing to seek the separation of his children from him in retaliation for his exercise of his freedom of speech, even after the New York State Central Registry "unfounded" the allegations against him in April 2010.

96.     By violating Plaintiff Junior Walker's rights while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, Karen Sawyer-Barro, and Natarsky Louissaint violated 42 U.S.C. Sec. 1983.

**AND AS FOR A TWENTY-EIGHTH CAUSE OF ACTION**

97.     Plaintiffs repeat and re-allege paragraphs 1 through 96 as if each paragraph is repeated verbatim herein.

98.     Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting under color of State Law, conspired with one another to violate Plaintiff Junior Walker's rights under the First and

26

Fourteenth Amendments to the U.S. Constitution by maliciously conspiring to continue to prosecute an abuse/neglect proceeding against Plaintiff Junior Walker and to continue to seek the separation of his children from him in retaliation for his exercise of his freedom of speech, even after the New York State Central Registry "unfounded" the allegations against him in April 2010.

99.     By conspiring to violate Plaintiff Junior Walker's rights while acting under color of State Law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro violated 42 U.S.C. Sec. 1983.

### AND AS FOR A TWENTY-NINTH CAUSE OF ACTION

100.     Plaintiffs repeat and re-allege paragraphs 1 through 99 as if each paragraph is verbatim herein.

101.     In violation of common law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while acting as agents of Defendant City of New York, continued to maliciously abuse the legal process for the illegitimate end of harassing and retaliating against Plaintiff Junior Walker for his protests, even after the New York State Central Registry "unfounded" the allegations against him in April 2010.

### AND AS FOR A THIRTIETH CAUSE OF ACTION

102.     Plaintiffs repeat and re-allege paragraphs 1 through 101 as if each paragraph is verbatim herein.

103.     In violation of common law, Defendants Stacey Robinson, Gladys White, Jacqueline McKnight, Sharon Rogers, Burton Lewis, and Karen Sawyer-Barro, while

acting as agents of Defendant City of New York, conspired with one another to continue to maliciously abuse the legal process for the illegitimate end of harassing and retaliating against Plaintiff Junior Walker for his protests, even after the New York State Central Registry "unfounded" the allegations against him in April 2010.

## AND AS FOR A THIRTY-FIRST CAUSE OF ACTION

104.    Plaintiffs repeat and re-allege paragraphs 1 through 103 as if each paragraph is repeated verbatim herein.

105.    The individual Defendants' violation of Plaintiff's rights in the First through Eighth, Eleventh, Twelfth, Fifteenth through Twentieth, and Twenty-Third through Twenty-Eighth Causes of Action were pursuant to the following policies and practices of Defendant City of New York:

    (a)    Failure to train ACS caseworkers and supervisors on the necessity of probable cause to initiate a child neglect/abuse proceeding and to seek removal of a child from a parent's custody;

    (b)    Failure to train ACS caseworkers and supervisors on the necessity of procedural and substantive due process;

    (c)    Failure to discipline ACS caseworkers and supervisors who abuse their positions and the legal process by initiating and prosecuting child abuse/neglect proceedings for reasons other than the welfare of the child and who make misleading and false statements to the Court to support their abuse/neglect petitions.

106.    Therefore, the City of New York is responsible for the individual Defendants' violations of Plaintiffs' rights in the First through Eighth, Eleventh, Twelfth,

Fifteenth through Twentieth, and Twenty-Third through Twenty-Eighth Causes of Action
Causes of Action.

### AND AS FOR A THIRTY-SECOND CAUSE OF ACTION

107.    Plaintiffs repeat and re-allege paragraphs 1 through 106 as if each
paragraph is repeated verbatim herein.

108.    In violation of common law, Defendants Stacey Robinson, Gladys White,
Jacqueline McKnight, Sharon Rogers, Burton Lewis, Karen Sawyer-Barro, and Natarsky
Louissaint, while acting as agents of Defendant City of New York, intentionally inflicted
emotional distress on Plaintiffs by engaging in extreme and outrageous conduct toward
Plaintiffs.

### AND AS FOR A THIRTY-THIRD CAUSE OF ACTION

109.    Plaintiffs repeat and reallege paragraphs 1 through 108 as if each
paragraph is repeated verbatim herein.

110.    In violation of common law, Defendants Stacey Robinson, Gladys White,
Jacqueline McKnight, Sharon Rogers, Burton Lewis, Karen Sawyer-Barro, and Natarsky
Louissaint, while acting as agents of Defendant City of New York, negligently inflicted
emotional distress on Plaintiffs by engaging in extreme and outrageous conduct toward
Plaintiffs.

**WHEREFORE, Plaintiffs pray the Court for judgment as follows:**
**Under 42 U.S.C. Sec. 1983 for each of the First through Eighth, Eleventh, Twelfth,**
**Fifteenth through Twentieth, and Twenty-Third through Twenty-Eighth Causes of**
**Action against Defendant City of New York and the named individual Defendants,**
**jointly and severally:**

i.      awarding Plaintiffs compensatory damages for emotional, mental, physical, and psychological distress, pain and suffering, and humiliation in an amount to be proven at trial and in accordance with proof;

ii.     awarding Plaintiffs punitive damages in an amount to be proven at trial and in accordance with proof;

iii.    awarding Plaintiffs Junior Walker and Tahera Bullen-Walker damages for the income and benefits they lost as a result of Defendants' actions, in an amount to be proven at trial and in accordance with proof;

iv.     awarding Plaintiffs Junior Walker and Tahera Bullen-Walker damages for monies spent on rent of an extra apartment for Mr. Walker, Mr. Walker's legal defense, Ms. Bullen-Walker's transportation to and from Germany in 2009, and Mr. Walker's transportation to and from Court appearances and visits with his children, in an amount to be proven at trial and in accordance with proof;

v.      awarding Plaintiffs reasonable attorney fees, reasonable expert fees, and the costs and disbursements of this action; and

vi.     awarding such further relief that Plaintiffs may be shown entitled to and in accordance with proof.


**Under common law for each of the Ninth, Tenth, Thirteenth, Fourteenth, Twenty-First, Twenty-Second, Twenty-Ninth, Thirtieth, Thirty-Second, and Thirty-Third Causes of Action against Defendants City of New and the named individual Defendants, jointly and severally:**

i.      awarding Plaintiffs compensatory damages for emotional, mental, physical, and psychological distress, pain and suffering, and humiliation in an amount to be proven at trial and in accordance with proof;

ii.     awarding Plaintiffs punitive damages in an amount to be proven at trial and in accordance with proof;

iii.    awarding Plaintiffs Junior Walker and Tahera Bullen-Walker damages for the income and benefits they lost as a result of Defendants' actions, in an amount to be proven at trial and in accordance with proof;

iv.     awarding Plaintiffs Junior Walker and Tahera Bullen-Walker damages for monies spent on rent of an extra apartment for Mr. Walker, Mr. Walker's legal defense, Ms. Bullen-Walker's transportation to and from Germany in 2009, and Mr. Walker's transportation to and from Court appearances and visits with his children, in an amount to be proven at trial and in accordance with proof;

v.      awarding Plaintiffs reasonable expert fees and the costs and disbursements of this action; and

vi.     awarding such further relief that Plaintiffs may be shown entitled to and in accordance with proof.

Dated: Brooklyn, New York
        September 10, 2012

By:   /s/ /b/ Kathy A. Polias, Esq.
Kathy A. Polias
Attorney-at-Law
*Attorney for Plaintiffs*
155 Water Street
Brooklyn, NY 11201
Tel. No.:  718-514-2062