UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
JUNIOR WALKER and TAHERA BULLEN-WALKER, on behalf
of themselves and on behalf of their infant
children T.W. and N.W.,
        Plaintiffs,

                          Index No.
                          12-CV-2535(WFR)(MDG)

     -against-
THE CITY OF NEW YORK, STACEY ROBINSON, Caseworker,
New York City Administration of Children's
Services, in the individual and the official
capacities, GLADYS WHITE, Supervisor, New York
City Administration of Children Services, in her
individual and official capacities, JACQUELINE
MCKNIGHT, Assistant Commissioner-Brooklyn,
New York City Administration of Children Services
in her individual and official capacities, SHARON
ROGERS, Deputy Director for Brooklyn Field Office,
Zone E, New York City Administration of Children
Services in her individual and official capacities
BURTON LEWIS, Supervisor, New York City
Administration of Children's Services, in his
individual and official capacities, KAREN
SAWYER-BARRO, Supervisor, New York City
Administration of Children's Services in her
individual and official capacities, NATARSKY
LOUISSAINT, Caseworker, New York City
Administration of Children Services in her
individual and official capacities and JOHN
MATTINGLY, former Commissioner of the New York
City Administration of Children Services in his
individual and official capacities,
        Defendants.
- - - - - - - - - - - - - - - - - x
                100 Church Street
                New York, New York 10007

                March 14, 2014
                1:14 p.m.
            (Continued on next page.)

1

2      EXAMINATION BEFORE TRIAL of the Defendant, KAREN

3   SAWYER-BARRO, taken by the Plaintiffs, in the

4   above-entitled action, held at the above time and

5   place, pursuant to Order, taken before Lauren

6   Mele, a shorthand reporter and Notary Public

7   within and for the State of New York.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1
 2              A p p e a r a n c e s:
 3       KATHY POLIAS, ESQ.
                 Attorneys for Plaintiffs
 4               68 Jay Street
                 Brooklyn, New York 11201
 5       BY:  KATHY POLIAS, ESQ.
                 FILE #:  None
 6
 7       GEORGIA MCCARTHY
                 Attorneys for Plaintiffs
 8               902 East 86th Street
                 Brooklyn, New York 11236
 9       BY:  GEORGIA MCCARTHY, ESQ.
                 FILE #:  None
10
11
      ZACHARY V. CARTER
12               CORPORATION COUNSEL
                 Attorneys for Defendants
13               100 Church Street, 4th Floor
                 New York, New York 10007
14       BY:  CHARLES CAREY, ESQ.
                 FILE #:  None
15
16
17
18
19
20
21
22
23
24
25
```

1

2          F E D E R A L    S T I P U L A T I O N S

3          IT IS HEREBY STIPULATED AND AGREED by and

4     between (among) counsel for the respective

5     parties herein, that filing and sealing be and the

6     same are hereby waived.

7

8          IT IS FURTHER STIPULATED AND AGREED that

9     all objections, except as to the form of the

10    question, shall be reserved to the time of the

11    trial.

12

13         IT IS FURTHER STIPULATED AND AGREED that

14    the within deposition may be sworn to and signed

15    before any officer authorized to administer an

16    Oath, with the same force and effect as if signed

17    and sworn to before the Court.

18

19

20

21

22

23

24

25

1

2     K A R E N   S A W Y E R – B A R R O, the witness

3     herein, having been first duly sworn by a Notary

4     Public of the State of New York, was examined and

5     testified as follows:

6     EXAMINATION BY

7     MS. POLIAS:

8          Q     State your name for the record, please.

9          A     Karen Sawyer-Barro.

10         Q     State your business address for the

11    record, please.

12         A     1200 Waters Place, Bronx, New York 10461.

13         Q     Good afternoon, Ms. Sawyer.  My name is

14    Kathy Polias, and I am an attorney who represents

15    plaintiffs Junior Walker and Tahera Bullen-Walker

16    as well as their minor children in a case

17    currently pending in the eastern district of

18    New York against the City of New York and some

19    other employees, including yourself.  With me

20    today is my co-counsel, Georgia McCarthy.

21              Today I will be asking you some questions

22    regarding our claims and what I understand the

23    defendants' defenses to be.  If I ask a question

24    that you don't understand, please free to ask me

25    to rephrase it.  If I am speaking too quickly or

```
1                      KAREN SAWYER-BARRO

2        Q     What other documents are sent to the

3   state?

4        A     There is a rap, risk assessment profile,

5   that's due within thirty days.  The rap is due.

6   That's again something you do within the context

7   of the investigation.  You are clicking around the

8   rap is due.

9            At the conclusion of 60 days, if the

10  family preventative services, every six months,

11  there is another reassessment family assessment

12  service profile.  There are many different ways

13  that the work is monitored, but then also that the

14  state is communicated with around what service the

15  family is getting, what the status of their

16  investigation was, you know, etc., etc.

17       Q     I'm putting before you what's been marked

18  as Plaintiff's Exhibit 6 as of today.

19       A     Okay.

20       Q     Have you had an opportunity to review

21  that document?

22       A     No.

23       Q     Tell me when you finish reviewing it.

24       A     Okay.

25       Q     Do you recognize Plaintiff's Exhibit 6?
```

1              KAREN SAWYER-BARRO

2         A    Yes.

3         Q    When was the first time that you saw it?

4         A    A few moments ago.

5         Q    So today was the first time that you saw

6    Plaintiff's Exhibit 6?

7         A    Yes.

8         Q    Is it correct to say that you were not

9    consulted within the preparation of Plaintiff's

10   Exhibit 6?

11        A    Yes.  This is created F.C.L.S., the

12   attorney at family Court.

13        Q    Let me direct your attention to the last

14   two pages of the exhibit.

15             Before today, have you ever seen

16   JW491-92?

17        A    No.

18        Q    Do you recall Stacey Robinson consulting

19   with you about any written statements that she

20   gave for the petition, the Article 10 petition?

21        A    Yes.  Well, I'm certain she may have said

22   something.  I don't remember what she talked about

23   right before Court.  I don't think so.

24        Q    Did Ms. Robinson or Gladys White, during

25   the Article 10 proceeding, consult with you on any

Case 1:12-cv-02535-WFK-MDG   Document 70-13   Filed 06/13/14   Page 8 of 10 PageID #: 705

```
 1                    KAREN SAWYER-BARRO

 2      aspects of the proceeding?

 3           A     Yes.

 4           Q     What did they consult with you about?

 5           A     Just, you know, their desire to follow

 6      through.  I mean, Mrs. White was the supervisor,

 7      so this was a fairly routine of her job.  I

 8      wouldn't have gotten in the nitty gritty.  There

 9      wouldn't many questions she had of me.

10                 Many times the first time they go to

11      Court, they would be accompanied by the

12      supervisor, because they are new.  So most likely

13      Mrs. White would have been sitting there with her.

14      While I don't remember she's calling me back and

15      saying something, I can't believe.

16           Q     When you were a manager, did you play any

17      role in the proceeding?

18           A     Certainly.  I would support the team,

19      talk with them about it.  I had an open door

20      policy.  If you have any questions about how the

21      whole process works in general, not a problem.

22      Come and talk to me about it.  I'm sure that I

23      supported her efforts to show Ms. Robinson how to

24      file a case, how to communicate with the

25      attorneys, etc. etc.  So yes, I was there as a
```

```
 1                    KAREN SAWYER-BARRO

 2     support, as overall.  I approved what they were

 3     doing.  I felt it was the right approach.

 4          Q     Did it come to your attention at any

 5     point that ACS decided not to proceed with the

 6     Article 10 petition against the Aunt?

 7          A     I don't recall.

 8          Q     Did it come to your attention at any

 9     point that plaintiff Junior Walker asked the

10     central registry to do a review of the case?

11          A     I don't -- no, no.

12          Q     I'm putting before you Plaintiff's

13     Exhibit 7, which is a nine page document.

14          A     Okay.

15          Q     Do you recognize this document,

16     Plaintiff's Exhibit 7?

17          A     Now that I am reviewing it, I'm sure I

18     recognize it.

19          Q     Have you ever seen this document before

20     today?

21          A     No.

22          Q     Did it ever COME to your attention that

23     the central registry found that the allegations

24     against Junior Walker were unsubstantiated?

25          A     In the course of preparing for this, yes.
```

1                   KAREN SAWYER-BARRO

2               C E R T I F I C A T E

3          I, Lauren Mele, a shorthand reporter and

4     Notary Public within and for the State of

5     New York, do hereby certify:

6          That the witness(es) whose testimony is

7     hereinbefore set forth was duly sworn by me, and

8     the foregoing transcript is a true record of the

9     testimony given by such witness(es).

10         I further certify that I am not related to

11    any of the parties to this action by blood or

12    marriage, and that I am  in no way interested in

13    the outcome of this matter.

14

15

16    _____

17             Lauren Mele

18

19

20

21

22

23

24

25